1  **ADAM S. HAMBURG, Bar No. 247127**
   ahamburg@pnbd.com
2  **PRENOVOST, NORMANDIN, BERGH & DAWE**
   **A Professional Corporation**
3  **2122 North Broadway, Suite 200**
   **Santa Ana, California 92706-2614**
4  **Phone No.:    (714) 547-2444**
   **Fax No.:       (714) 835-2889**
5       8150.0059

6  Attorneys for FIRESIDE BANK, a California corporation; DEALER SERVICES CORPORATION, a
   Delaware corporation; ABS Finance Company LLC dba ABS Finance; and Auto Buyline Systems, Inc.,
7  a California corporation, dba ABS Auto Auction

8                    **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11 GREAT AMERICAN INSURANCE                    )  Case No. C08-05183 JF
   COMPANY, an Ohio corporation,               )
12                                             )  **STIPULATION FOR RELEASE OF FUNDS**
                  Plaintiff,                    )  **AND DISMISSAL; AND ORDER THEREON**
13                                             )
   v.                                          )  Complaint Filed:  November 17, 2008
14                                             )
   XTREME LA MOTORS, a California              )
15 corporation; ANDY SHABAZIAN, an             )
   individual; KIANA E. FLAUJIAN, an           )
16 individual; AUTO BUYLINE SYSTEMS, INC.,     )
   A Texas corporation, dba ABS AUTO           )
17 AUCTIONS and ABS FINANCE; DEALER            )
   SERVICES CORPORATION, a California          )
18 corporation; WESTLAKE SERVICES, INC., a     )
   California corporation dba WESTLAKE         )
19 FINANCIAL SERVICES; FASTLANE               )
   FINANCIAL GROUP, a California corporation;   )
20 FOREMAN FINANCIAL, INC., a California       )
   corporation; FIRESIDE BANK, a California    )
21 corporation; CALIFORNIA DEPARTMENT OF       )
   MOTOR VEHICLES, a California state agency;   )
22 and DOES 1-100, inclusive,                  )
                                               )
23               Defendants.                    )
                                               )
24

25 ///

26 ///

27 ///

28 ///

---

                                    1

THIS STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL ("Stipulation") is made by and among GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation ("GAIC"); DEALER SERVICES CORPORATION, a Delaware corporation, ("DSC"); FIRESIDE BANK, a California corporation ("FIRESIDE"); ABS FINANCE COMPANY LLC dba ABS FINANCE, a California limited liability company ("ABS FINANCE"); AUTO BUYLINE SYSTEMS, INC., a California corporation, dba ABS AUTO AUCTION ("ABS AUCTION"); UNITED AUTO CREDIT CORPORATION, a California corporation ("UACC"); and the CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, (the "DMV")(collectively hereinafter the "Parties") as follows:

**1.     RECITALS.**

1.1     Whereas, disputes have arisen between the Parties to this Stipulation which are reflected in the Complaint in Interpleader filed in the United States District Court, Northern District of California as case number C08-05183 JF on November 17, 2008 by Plaintiff GAIC, which alleged, among other things, that DSC, FIRESIDE, ABS FINANCE, ABS AUCTION, UACC and the DMV, have made claims against that certain Surety Bond of Dealer # 397-89-17-983123 ("Bond") issued by GAIC pursuant to the California *Vehicle Code* § 11710 *et seq.*, in which XTREME LA MOTORS is named as principal. The allegations of the Complaint are incorporated by reference herein for informational purposes only.

1.2     Whereas each Party to the dispute has denied, and continues to deny, the material allegations and claims of the other Parties against it.

1.3     Whereas, the Bond amount is $50,000.00.

1.4     Whereas, the Parties agree that GAIC is entitled to recover its attorney's fees and costs from the Bond corpus pursuant to *Code of Civil Procedure* § 386.6, and has incurred attorney's fees and costs in the amount of $4,996.58. After deducting GAIC's fees and costs, the balance remaining on the Bond is $45,003.58.

1.5     Whereas, DSC's claim is in the amount of $28,885.02;

1.6     Whereas, FIRESIDE's claim is in the amount of $13,850.00;

1.7     Whereas, ABS FINANCE's claim is in the amount of $72,276.00;

1.8     Whereas, ABS AUCTION's claim is in the amount of $40,953.00;

1.9     Whereas, UACC's claim is in the amount of $14,311.61; and

2

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

1    1.10    Whereas, the DMV no longer has a claim against the Bond.

2    1.11    Whereas, all other claimants have either been defaulted or dismissed from the action.

3    **2.    NOW, THEREFORE, IN VIEW OF THE FOREGOING AND FOR GOOD AND**

4    **VALUABLE CONSIDERATION, THE RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED,**

5    **THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

6    2.1    Each party hereto agrees that GAIC shall receive its attorney's fees and costs in the full

7    amount of $4,996.42.

8    2.2    Each party hereto agrees and stipulates that the balance of the Bond shall be paid and released

9    to the Parties and to no others in full satisfaction of each's Bond claim as follows:

10    a.    DSC shall receive 16.96% of the Bond balance in the amount of: $7,632.66;

11    b.    FIRESIDE shall receive 8.15% of the Bond balance in the amount of: $3,667.75;

12    c.    ABS FINANCE shall receive 42.44% of the Bond balance in the amount of: $19,099.51;

13    d.    ABS AUCTION shall receive 24.05% of the Bond balance in the amount of: $10,823.36;

14    e.    UACC shall receive 8.40% of the Bond balance in the amount of: $3,780.30; and

15    f.    The DMV shall not receive any portion of the Bond.

16    2.3    Upon payment of the Bond balance, the Parties hereto further stipulate and agree that all the

17    Parties shall be dismissed from the Complaint in Interpleader with prejudice.

18    2.4    The Parties agree that each party, with the exception of GAIC shall bear its own attorney's

19    fees and costs in the litigation.

20    2.5    This Agreement is entered into by the Parties solely for the purpose of settling the Bond

21    claims described in the Complaint. It does not constitute, nor shall it be construed as an admission by any

22    Party of the truth or validity of any allegations asserted.

23    2.6    With respect to the Cross-Claim filed by UACC against ABS FINANCE, UACC and ABS

24    FINANCE wish to settle and dispose of all claims and causes of action that have been alleged against ABS

25    FINANCE in the above-referenced action or in any other litigation on the terms and conditions set forth

26    herein.

27    ///

28    ///

3

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\059\Pld 002 Stipulation.wpd

a.      NOW THEREFORE, in light of the foregoing, and for good and valuable consideration, without any admission of liability, ABS FINANCE AND UACC hereto agree as follows:

    i.  UACC hereby assigns its claim against the Bond to ABS FINANCE, and authorizes the clerk of the Court to pay UACC's share of the Bond directly to ABS FINANCE, as set forth in the Order attached hereto;

    ii.  Within seven (7) days of receipt of the referenced funds, ABS FINANCE will deliver to UACC the certificate of title to a certain used 2005 Ford Mustang VIN 1ZVFT80N155224378 (hereinafter "Vehicle"), which is currently in ABS FINANCE's possession, free of any liens, claims or security interests.  ABS FINANCE further agrees to execute any and all additional documents that might be required by DMV to extinguish and release ABS FINANCE's security interest in the Vehicle so that ABS FINANCE delivers to UACC clear, unencumbered title to said Vehicle.

    iii.  Upon receipt of clear, unencumbered title to said Vehicle, UACC shall dismiss its Cross-Claim for Quiet Title and Declaratory Relief against ABS FINANCE with prejudice.

**3.**  **RELEASE OF CLAIMS.**

3.1  For valuable consideration, receipt of which is hereby acknowledged, each of the Parties and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys hereby fully and expressly release and discharge the others and their respective successors, assigns, agents, directors, officers, employees, representatives and attorneys from all liability for all present and future rights, claims, demands and actions, known or unknown, any of them now have, or may hereafter have, against the other arising out of the disputes described above.  Additionally, the Parties, expressly acknowledge and agree that none of them would enter into this Stipulation but for the representation and warranty of the other that they are releasing any and all claims of any nature whatsoever, whether statutory or at common law, which any of them may believe any of them now has or could assert directly or indirectly against the other arising out of the circumstances alleged in the Complaint in Interpleader.  Further, ABS FINANCE AND UACC expressly acknowledge and agree that neither of them would enter into this

4

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\059\Pld 002 Stipulation.wpd

1   Stipulation but for the representation and warranty of the other that they are releasing any and all claims of

2   any nature whatsoever, whether statutory or at common law, which either of them  believe either  now has

3   or could assert directly or indirectly against the other arising out of the circumstances alleged in the Cross-

4   Claim for Quiet Title and Declaratory Relief.

5           3.2     The Parties hereto acknowledge that they may hereafter discover facts different

6   from or in addition to those now known or believed to be true with respect to the disputes and differences

7   which lead to the execution of this Stipulation. The Parties agree that this Stipulation shall be, and remain,

8   effective in all respects for all purposes, notwithstanding any such different or additional facts.

9           3.3     This Stipulation is entered into by the Parties solely for the purpose of settling the

10  matters in dispute. It does not constitute, nor shall it be construed as an admission by any party of the truth

11  or validity of any claims asserted.

12          3.4     The Parties, in executing this Stipulation, do not rely on any inducements, promises or

13  representations made by the other party or their above-named successors or attorneys except as set forth

14  herein.

15          3.5     THE UNDERSIGNED ACKNOWLEDGE THAT THEY HAVE BEEN ADVISED BY

16  THEIR RESPECTIVE LEGAL COUNSEL AND ARE FAMILIAR WITH THE PROVISIONS OF

17  CALIFORNIA CIVIL CODE SECTION 1542, WHICH PROVIDES AS FOLLOWS:

18          "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR

19          DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF

20          EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE

21          MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

22          THE UNDERSIGNED, BEING AWARE OF SAID CODE SECTION, HEREBY EXPRESSLY

23  WAIVES ANY RIGHTS THEY MAY HAVE THEREUNDER, AS WELL AS UNDER ANY OTHER

24  STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.

25          3.6     Each Party and each's respective successors, assigns, agents, directors, officers, employees,

26  representatives and attorneys hereby fully and expressly release and discharge one another and each's

27  respective successors, assigns, agents, directors, officers, parent company, affiliates, subsidiaries, employees,

28  representatives and attorneys from all liability for all present and future rights, claims, demands and actions,

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\059\Pld 002 Stipulation.wpd

known or unknown, either of them now have, or may hereafter have, against one another arising out of the Complaint.

     3.7    The Parties hereto expressly state that the release described above shall inure to the benefit of the successors and assigns of one another and shall be binding upon the successors and assigns of one another.

**4.    THE PARTIES FURTHER REPRESENT, WARRANT AND COVENANT AS FOLLOWS:**

     4.1    Each individual who is a signatory to this Stipulation warrants that he/she has the authority to enter into this Stipulation on behalf of himself or the legal entity that is a party to the Stipulation.  In the event that the party is a corporation, he/she represents that he/she is an authorized agent of the corporation and further, that the corporation has complied with all corporate formalities necessary to bind the corporation to the terms of this Stipulation.

     4.2    Each Party to this Stipulation acknowledges that it has executed this Stipulation freely and that no claims or inducements have been extended to any of  them to execute this Agreement except as otherwise set forth herein.

     4.3    Each Party to this Stipulation acknowledges, warrants and represents that none of them has assigned its claim hereunder to any other third person or entity at or before the time of execution of this Stipulation.

     4.4    Each Party to this Stipulation represents and understands that she/it has carefully read the Stipulation and understands the contents thereof, and agrees to the terms of this Stipulation without reservation of any kind.

     4.5    Each Party has received or had the opportunity to receive independent legal advice from its attorneys, with respect to the advisability of making this transaction provided for herein, with respect to the advisability of executing this Stipulation.

     4.6    This Stipulation shall be binding upon and inure to the benefit of the heirs, personal representatives, successors or assigns of the parties hereto.

///

///

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\059\Pld 002 Stipulation.wpd

FROM JOHN FALLAT                                (FRI)MAR 13 2009 15:19/ST. 15:19/NO. 6334861896 P   1

1    4.8    This Stipulation shall be governed and construed according to the law of the State of

2  California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

3    4.9    The obligations, representations, warranties and other terms and conditions hereof, shall

4  survive the termination of this Stipulation, and shall be enforceable thereafter.

5    4.10    Each provision of this Stipulation shall be severable from each other provisions of this

6  Stipulation for the purpose of determining the legal and enforceability of each provision.

7    4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which,

8  when executed and delivered, shall be original, and all of which together shall constitute the same

9  Agreement. The parties agree that facsimile signatures shall be deemed the originals, and shall be fully

10  enforceable upon execution of all parties hereto.

11    4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or

12  any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to

13  an award for all costs and expenses, including court costs and attorney's fees.

14

15  DATED: 3/13/09                    **GREAT AMERICAN INSURANCE COMPANY**

16

17                                   By_____

18                                      MARK VAUGHN, Esq.

19  DATED:                            **FIRESIDE BANK**

20

21                                   By_____

22

23

24  DATED:                            **DEALER SERVICES CORPORATION**

25

26                                   By_____

27

28

**7**
**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\059\Pld 002 Stipulation.wpd

4.7     This Stipulation constitutes the entire contract between the Parties and cannot be modified or supplemented except in writing.  Further, the terms of this Agreement shall supersede all prior or contemporaneous communications, verbal or written, on the subject matter of this Agreement.

4.8     This Stipulation shall be governed and construed according to the law of the State of California, and the parties hereto agree to submit to the jurisdiction of the Courts thereof.

4.9     The obligations, representations, warranties and other terms and conditions hereof, shall survive the termination of this Stipulation, and shall be enforceable thereafter.

4.10    Each provision of this Stipulation shall be severable from each other provisions of this Stipulation for the purpose of determining the legal and enforceability of each provision.

4.11    This Stipulation may be executed and delivered in any number of counterparts, each of which, when executed and delivered, shall be original, and all of which together shall constitute the same Agreement.  The parties agree that facsimile signatures shall be deemed the originals, and shall be fully enforceable upon execution of all parties hereto.

4.12    The prevailing Party in any action or proceeding to interpret or enforce this Stipulation, or any of its terms, shall be entitled, in addition to any judgment or award upon such action or proceeding, to an award for all costs and expenses, including court costs and attorney's fees.

DATED:                              GREAT AMERICAN INSURANCE COMPANY


                                    By_____


DATED:                              FIRESIDE BANK


                                    By _____

---

7

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\059\Pld 002 Stipulation.wpd

1   DATED: 3/23/09                      **DEALER SERVICES CORPORATION**

2

3                                       By _____

4

5

6   DATED:                              **UNITED AUTO CREDIT CORPORATION**

7

8                                       By_____

9

10

11  DATED:                              **THE CALIFORNIA DEPARTMENT OF MOTOR
                                        VEHICLES**

12

13

14                                      By_____

15

16
    DATED:                              **ABS FINANCE COMPANY LLC DBA ABS FINANCE**
17

18

19                                      By:_____

20

21
    DATED:                              **AUTO BUYLINE SYSTEMS, INC., DBA ABS AUTO
22                                      AUCTION**

23

24                                      By:_____

25

26

27

28

8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\059\Pld 002 Stipulation.wpd

1  DATED:                                   **UNITED AUTO CREDIT CORPORATION**

2

3                                           By _____

4                                               Lauren J. Anson
                                                In-house Counsel
5

6  DATED:                                   **THE CALIFORNIA DEPARTMENT OF MOTOR
                                            VEHICLES**
7

8

9                                           By_____

10

11 DATED:                                   **ABS FINANCE COMPANY LLC DBA ABS FINANCE**

12

13

14                                          By:_____

15

16 DATED:                                   **AUTO BUYLINE SYSTEMS, INC., DBA ABS AUTO
                                            AUCTION**
17

18

19                                          By:_____

20

21

22

23

24

25

26

27

28

8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\059\Pld 002 Stipulation.wpd

1

2   DATED:             UNITED AUTO CREDIT CORPORATION

3   By_____

4

5

6   DATED: 3/13/09    THE CALIFORNIA DEPARTMENT OF MOTOR
                                  VEHICLES

7

8   By_____
    Staff Counsel

9

10

11  DATED:             ABS FINANCE COMPANY LLC DBA ABS FINANCE

12

13

14  By:_____

15

16  DATED:             AUTO BUYLINE SYSTEMS, INC., DBA ABS AUTO
                                  AUCTION

17

18

19  By:_____

20

21

22

23

24

25

26

27

28

8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**
I:\DOCS\8150\059\Pld 002 Stipulation.wpd

1  DATED:                          **DEALER SERVICES CORPORATION**

2

3                                  By_____

4

5

6  DATED:                          **UNITED AUTO CREDIT CORPORATION**

7

8                                  By_____

9

10

11 DATED:                          **THE CALIFORNIA DEPARTMENT OF MOTOR
                                   VEHICLES**

12

13

14                                 By_____    _____

15

16 DATED: 3-23-09                  **ABS FINANCE COMPANY LLC DBA ABS FINANCE**

17

18

19                                 By:_____

20

21 DATED: 3-23-09                  **AUTO BUYLINE SYSTEMS, INC., DBA ABS AUTO
                                   AUCTION**

22

23

24                                 By:_____

25

26

27

28

8

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\059\Pld 002 Stipulation.wpd

1

**<u>ORDER</u>**

2

3          **IT IS HEREBY ORDERED** that the Clerk of the Court shall disburse the balance of the Bond now

4      deposited with this Court as follows:

5              1.    $ 4,996.42 payable to Great American Insurance Company.

6              2.    $ 7,632.66 payable to Dealer Services Corporation.

7              4.    $ 3,667.75 payable to Fireside Bank.

8              5.    $ 10,823.36 payable to ABS Auto Auction.

9              6.    $ 22,879.81 payable to ABS Finance.

10         **FURTHER, IT IS HEREBY ORDERED** that the interest accrued on the balance of the Bond now

11     deposited with the Court shall be disbursed evenly amongst Dealer Services Corporation; Fireside Bank;

12     ABS Auto Auction; and ABS Finance.

13         **FURTHER, IT IS HEREBY ORDERED** that Great American Insurance Company is discharged

14     from further liability on the motor vehicle dealer bond No. 397-89-17-983123 filed on behalf of Xtreme LA

15     Motors and is hereby exonerated.

16         Disbursement checks shall be mailed care of each party's attorney of record. Upon disbursal, the

17     Complaint in Interpleader shall be dismissed with prejudice.

18

19

20     Dated:   3/27/09

                                 JUDGE OF THE U.S. DISTRICT COURT

21

22

23

24

25

26

27

28

9

**STIPULATION FOR RELEASE OF FUNDS AND DISMISSAL; AND ORDER THEREON**

I:\DOCS\8150\059\Pld 002 Stipulation.wpd